# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JUSTIN LAMAR WARREN,<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>5:20-cr-00014-TES-CHW |

## ORDER

The Court held a pretrial conference in the above-captioned case on August 4, 2021. [Doc. 65]. During the conference, the Court heard arguments from both parties regarding the following motions: (1) the Government's Motion in Limine to Admit Defendant's Incriminating Statement [Doc. 60]; and (2) the Government's Motion in Limine to Admit Defendant's Statement Concerning His Conviction [Doc. 61]. Following such arguments, the Court issued an oral ruling on the matters contained in the Government's Motion in Limine to Admit Defendant's Incriminating Statement. This Order memorializes that oral ruling. As to the Government's second Motion in Limine, the Court **RESERVES RULING** until, and if, the proposed statement is actually offered at trial.

1) **Government's Motion in Limine to Admit Defendant's Incriminating Statement [Doc. 60]**

   A grand jury charged Defendant Warren with possessing firearms after having

been convicted of a misdemeanor crime of domestic violence. *See* [Doc. 15]. To obtain a conviction on this charge, the Government must prove the following elements: "(1) the defendant knew he possessed (2) a 'firearm' (as defined by the statute) that (3) had traveled in interstate commerce, and (4) he knew he had previously been convicted of a misdemeanor crime of domestic violence." *United States v. Johnson*, 981 F.3d 1171, 1177 (11th Cir. 2020) (citing *Rehaif v. United States*, 139 S. Ct. 2191, 2195–96 (2019)); 18 U.S.C. § 922(g)(9).

The Government moved in limine to admit a statement made by Defendant Warren that it argues is relevant to the aforementioned elements of the crime for which he is charged. *See generally* [Doc. 60]. To put the statement in context, on January 31, 2020, law enforcement went to Defendant Warren's property to inform him that they had a warrant for his arrest regarding his involvement in a domestic incident from two nights prior. [*Id.* at p. 1]. Defendant Warren refused to unlock the door of his residence and cooperate with law enforcement. [*Id.* at pp. 1–2]. It was at this point in time that the Government contends that Defendant Warren told law enforcement: "If you kick my door in, you are going to get shot, I have plenty of guns in here." [*Id.*]. The Government moves to admit this statement in its entirety on the basis that it is relevant to the crime for which Defendant Warren is charged since he admitted that he possessed firearms. [*Id.* at p. 3]. The Government similarly moves to admit the statement on the basis that it

"forms an integral and natural part of an account of the crime" because it triggered a federal action rather than a state action. [*Id.*].

The Court considered these arguments in relation to the overall probative value and prejudicial effect of the statement. *See* Fed. R. Evid. 403. For the reasons discussed in detail at the pretrial conference, the Court **GRANTS in part** and **DENIES in part** the Government's Motion in Limine to Admit Defendant's Incriminating Statement [Doc. 60]. Accordingly, the only admissible portion of Defendant Warren's statement pertains to his possession of firearms, i.e.: "I have plenty of guns in here." The Government is *not* permitted to admit any other portion of Defendant Warren's statement.

2) **Government's Motion in Limine to Admit Defendant's Statement Concerning His Conviction [Doc. 61]**

During the pretrial conference, the Court heard arguments from both parties on the Government's Motion in Limine to Admit Defendant's Statement Concerning His Conviction. *See* [Doc. 61]. Once again, to provide context, the Court sets forth the relevant facts surrounding the statement at issue. On January 29, 2020, law enforcement went to Defendant Warren's residence to investigate a domestic disturbance. [*Id.* at p. 1]. One of the law enforcement officers spoke with Defendant Warren on his porch, and it was at this point in time that Defendant Warren made the following statement: "I understand I have anger problems . . . I actually served a whole year in jail for family violence." [*Id.* at pp. 1–2].

The Government argues that the statement in its entirety is relevant evidence, and "its inclusion into evidence is necessary to complete the story of the crime charged." [*Id.* at p. 3]. To be exact, the Government contends that this statement proves not only that Defendant Warren had been convicted of a misdemeanor crime of violence, but also that he had knowledge of such a conviction at the time the firearms were found on his property. [*Id.* at pp. 2–3]. While Defendant Warren did not file a response to this Motion, his counsel argued against admitting the statement at the pretrial conference. The Court has considered the parties' arguments but has concluded that the admissibility of the statement cannot be determined at this time. Therefore, the Court **RESERVES RULING** as to its admissibility until, and if, it is offered at trial. IF the Government decides to try to offer the statement at trial, the Court will decide if the statement (or any part of it) is cumulative, relevant and/or unduly prejudicial.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS in part** and **DENIES in part** the Government's Motion in Limine to Admit Defendant's Incriminating Statement [Doc. 60]. The Court **RESERVES RULING** on the Government's Motion in Limine to Admit Defendant's Statement Concerning His Conviction [Doc. 61].

**SO ORDERED**, this 10th day of August, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4